TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00754-CV







Thomas N. Kearns, Appellant


v.



Hugh Robertson and Maureen Robertson, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 96-08235, HONORABLE DONALD HUMBLE, JUDGE PRESIDING 







 Appellant Thomas N. Kearns ("Kearns") appeals from the district-court order
granting judgment notwithstanding the verdict ("JNOV") in favor of appellees Hugh Robertson and
Maureen Robertson (together "the Robertsons"). Kearns sued the Robertsons to recover on the
guaranty of a loan extended to Vineyard Bay Development Company, Inc. ("Vineyard Bay"), a
corporation owned and controlled by Hugh Robertson. We will affirm the district-court judgment.


FACTUAL AND PROCEDURAL BACKGROUND The Robertsons were personal friends of Kearns and his wife, Patricia. On December
31, 1987, faced with a shortage of cash to pay taxes, the Robertsons borrowed $800,000 from
Kearns. The structure of the loan and terms of repayment were neither finalized nor reduced to
writing when the money was transferred. The Robertsons subsequently elected to make Vineyard
Bay the recipient of the loan, and Hugh Robertson signed a promissory note on behalf of Vineyard
Bay on January 15, 1988. The Robertsons executed a guaranty of the note. The note was originally
due on July 15, 1988, but was extended by agreement to July 15, 1989. (1) The note was not paid when
it matured, but Kearns did not immediately take legal action.

 On October 31, 1994, Vineyard Bay filed a petition in bankruptcy pursuant to Chapter
11 of the United States Bankruptcy Code. See 11 U.S.C.A. §§ 301, 1121 (West 1993); Kearns v.
Vineyard Bay Dev. Co., 132 F.3d 269, 270 (5th Cir. 1998). The next day Hugh Robertson notified
Kearns of Vineyard Bay's bankruptcy. Robertson explained to Kearns, through a letter, that the
bankruptcy "was done to protect your collateral and provide a reasonably prompt way to sell the lots
with proceeds to go to you." Robertson further stated that he had a contract for the sale of one lot
for $400,000 that he would try to close by the end of the year and that "we should be able to move
ahead with marketing and sale of the other two lots - hopefully for at least an additional $400,000." 
At the time Vineyard Bay filed its bankruptcy petition, limitations had run on both the note and
guaranty. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(3) (West Supp. 2001).

 Kearns filed a proof of claim based on the note in Vineyard Bay's bankruptcy. 
Vineyard Bay objected, asserting that the statute of limitations barred Kearns's claim. The
bankruptcy court, as well as the federal district court, granted summary judgment in favor of
Vineyard Bay on limitations grounds and sustained Vineyard Bay's objection to Kearns's proof of
claim. Kearns appealed to the United States Court of Appeals for the Fifth Circuit, which affirmed
the summary judgment. See Kearns, 132 F.3d at 272.

 Kearns brought the present action against the Robertsons individually for collection
of the guaranty in state district court on July 16, 1996. Presumably to avoid the four-year statute of
limitations applicable to actions for collection of debt, Kearns alleged that the Robertsons
fraudulently induced him to refrain from taking legal action by making various assurances that the
debt would be paid. See Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 531 (Tex. 1997).

 In a jury trial, the Robertsons moved for a directed verdict. See Tex. R. Civ. P. 268. 
The district court denied the motion. (2) The Robertsons elected not to put on any new evidence after
the close of Kearns's case. The jury found that the assurances made by the Robertsons constituted
fraud and assessed damages in favor of Kearns. The district court granted the Robertsons' motion
for JNOV. See Tex. R. Civ. P. 301 (stating that court may render judgment non obstante veredicto
if directed verdict would have been proper). Kearns now appeals by one issue. 


DISCUSSION

Standard of Review

 In his only issue on appeal, Kearns contends that "the district court erred and abused
its discretion by its mistaken judgment or incorrect belief that there was not any testimony or
evidence to support the unanimous jury verdict and findings." Kearns's argument is essentially that
the district court erred in granting JNOV because there was sufficient evidence to support the jury's
finding of fraud. We will uphold a trial court's JNOV only if we determine there is no evidence
supporting the jury's findings. See Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 227 (Tex. 1990);
John Paul Mitchell Sys. v. Randalls Food Mkts., Inc., 17 S.W.3d 721, 728 (Tex. App.--Austin 2000,
pet. denied). If there is more than a scintilla of evidence supporting the findings, we must reverse
the JNOV. See Mancorp, 802 S.W.2d at 228; John Paul Mitchell Sys., 17 S.W.3d at 728. The
evidence supporting a finding amounts to more than a mere scintilla if reasonable minds could arrive
at the finding given the facts proved in the particular case. See Burroughs Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995). In reviewing a JNOV, "we evaluate the evidence in the light most
favorable to the jury's findings, considering only the evidence and inferences which support those
findings and disregarding evidence and inferences contrary to those findings." Johnson & Johnson
Med., Inc. v. Sanchez, 924 S.W.2d 925, 929 (Tex. 1996). 


Fraud

 Kearns pleaded fraud as an avoidance to the statute of limitations. A suit for
collection of debt that is not commenced within four years of the time that the cause of action
accrues is barred. Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3). Kearns commenced this suit
on July 16, 1996, exactly seven years after his cause of action against the Robertsons accrued. 
Therefore, Kearns's claim is barred unless he is able to show that the Robertsons made fraudulent
statements that induced him to refrain from taking legal action until limitations had run. See 
Velsicol Chem., 956 S.W.2d at 531 ("As with the discovery rule, [the] doctrine [of fraudulent
concealment] tolls the statute [of limitations] until the fraud is discovered or could have been
discovered with reasonable diligence.") (citing Estate of Stonecipher v. Estate of Butts, 591 S.W.2d
806, 809 (Tex. 1979)). 

 Fraudulent concealment requires proof of the same elements as fraud. See
Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 181 (Tex. 1997). To establish common-law
fraud, the plaintiff must show that (1) a material representation was made, (2) the representation was
false, (3) when the representation was made the speaker knew it was false or made it recklessly
without any knowledge of its truth and as a positive assertion, (4) the speaker made the
representation with the intent that it should be acted upon by the party, (5) the party acted in reliance
upon the representation, and (6) the party thereby suffered injury. DeSantis v. Wackenhut Corp., 793
S.W.2d 670, 688 (Tex. 1990); Trenholm v. Ratcliff, 646 S.W.2d 927, 930 (Tex. 1983); Wilson v.
Jones, 45 S.W.2d 572, 573 (Tex. Comm'n App. 1932, holding approved); Carr v. Christie, 970
S.W.2d 620, 624 (Tex. App.--Austin 1998, pet. denied). We will focus on the first and third
elements.


 A. Material Representation

 The first question before us is whether more than a scintilla of evidence supports the
jury's finding that the Robertsons made a material representation concerning the repayment of the
loan. See Mancorp, 802 S.W.2d at 228. In order to uphold the district court's JNOV, we must
determine that there is no evidence to support at least one element of the jury's findings. See
generally Tex. R. Civ. P. 301; Mancorp, 802 S.W.2d at 227-28; Williams v. Bennett, 610 S.W.2d
144, 145-46 (Tex. 1980); Guzman v. Synthes (USA), 20 S.W.3d 717, 720-22 (Tex. App.--San
Antonio 1999, pet. denied); Jacobs-Cathey Co. v. Cockrum, 947 S.W.2d 288, 292 (Tex.
App.--Waco 1997, writ denied); Streetman v. Benchmark Bank, 890 S.W.2d 212, 215 (Tex.
App.--Eastland 1994, writ denied). A representation, to be actionable, must be a representation of
material fact. Trenholm, 646 S.W.2d at 930. Generally, fraud cannot arise from pure expressions
of opinion or predictions about the future. Fina Supply, Inc. v. Abilene Nat'l Bank, 726 S.W.2d 537,
540 (Tex. 1987); West Anderson Plaza v. Feyznia, 876 S.W.2d 528, 533 (Tex. App.--Austin 1994,
no writ). An exception to the general rule is when a prediction about the future is made with present
intent to deceive. See Dowling v. NADW Mktg., Inc., 631 S.W.2d 726, 727-28 (Tex. 1982). When
the representation is a promise to take future action, the plaintiff must show that the promise was
made with a present intent not to perform. T.O. Stanley Boot Co. v. Bank of El Paso, 847 S.W.2d
218, 222 (Tex. 1992); Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d 591,
597 (Tex. 1992); Stanfield v. O'Boyle, 462 S.W.2d 270, 272 (Tex. 1971); Ferguson v. DRG/Colony
N., Ltd., 764 S.W2d 874, 888 (Tex. App.--Austin 1989, writ denied). 

 Having carefully reviewed the record, we conclude that there is no evidence of any
representation of material fact made by the Robertsons concerning repayment of the loan that would
legally justify Kearns's delay in bringing suit on the debt. Both Thomas and Patricia Kearns testified
at trial. Patricia Kearns testified that both of the Robertsons assured her that "whatever they had to
do, they were going to pay [Thomas Kearns] back," and "every penny was going to be paid back and
they were grateful to [Thomas Kearns], and that the debt was going to be fully repaid." She further
testified that the Robertsons told her, "We will do everything and pledge everything to pay [the loan]
back." 

 Thomas Kearns testified that the Robertsons made assurances during telephone
conversations between the parties from the time the note payable came due on July 16, 1989 until
the limitations period ran four years later. Thomas Kearns characterized the substance of the
telephone conversations as "Hugh [told] me how that, 'This is going around the corner, and we are
going to make it,' so forth and so on, 'We're going to take care of you. Don't worry about it.' They
were telling me that the business was on the upturn and telling me not to worry." The statements
made by the Robertsons amount to no more than predictions about the future or promises to take
future action, and nothing in the record suggests that the Robertsons intended to deceive Kearns by
making the statements or to dissuade Kearns from taking legal action on either the note or the
guaranty.

 A second exception to the general rule that predictions about the future and promises
to take future action cannot give rise to fraud involves concealment of information. Where a speaker
purports to have special knowledge of the facts or does have superior knowledge of the facts--for
example, when the facts underlying the promise or prediction are not equally available to both
parties--a party may maintain a fraud action. See Trenholm, 646 S.W.2d at 930; Paull v. Capital
Res. Mgmt., Inc., 987 S.W.2d 214, 219 (Tex. App.--Austin 1998, pet. denied). Kearns argues that
the Robertsons had superior knowledge of the financial condition of Vineyard Bay when they made
assurances that the loan would be repaid. Kearns asserts that he would have brought suit before the
period of limitations had run had he known the true financial status of Vineyard Bay. This argument
lacks merit because the facts underlying the promises made by the Robertsons could have been
available to Kearns. Kearns never inquired into the business operations of Vineyard Bay before
making the $800,000 loan. During the four years after the loan had matured, he never inquired as
to Vineyard Bay's ability to repay. Kearns failed to prove this exception to the general rule because
he presented no evidence that the Robertsons misrepresented Vineyard Bay's true financial
condition. 

 Kearns asserts that there was enough evidence to allow the jury to infer that a material
representation had been made. We disagree. We may find the evidence legally insufficient if we
are persuaded that a "vital fact may not reasonably be inferred from the meager facts proved in the
particular case." Texas Dept. of Mental Health & Mental Retardation v. Petty ex rel. Kauffman, 817
S.W.2d 707, 717 (Tex. App.--Austin 1991), aff'd, 848 S.W.2d 680 (Tex. 1992). Kearns does not
point to any specific act or words by the Robertsons that could have been interpreted as being a
representation of material fact. Instead, his argument centers on the personal relationship between
the parties and the personal wealth of the Robertsons. The loan agreement was not an arm's length
transaction. Patricia Kearns and Maureen Robertson had known each other for over thirty years. 
The two couples had visited each other's homes and vacationed together. The record reflects that
Thomas Kearns loaned the money to the Robertsons as a favor to his wife. Because the parties were
familiar with each other, Kearns believed that the Robertsons had a significant amount of assets,
other than their interest in Vineyard Bay, that could be used to repay the loan in the event Vineyard
Bay was unable to do so. Yet the record before us does not disclose that the Robertsons had assets
that could be used to assist Vineyard Bay in the repayment of the note, what those assets were, or
that the Robertsons refused to liquidate them. 

 The record contains no facts upon which the jury could have inferred that the
Robertsons materially misrepresented their intentions with regard to the Vineyard Bay note. Kearns
established at trial that he made the loan with the knowledge that the Robertsons had earlier sold
their interest in Houston Wire & Cable Company for $6,000,000. However, Kearns failed to show
whether, at the time the assurances were made, the Robertsons had retained any of the proceeds from
the sale of the wire company. Kearns introduced evidence to show that the Robertsons lived in a
large house in Vineyard Bay, but he failed to show whether the house had been mortgaged. 
Similarly, Kearns argues that the Robertsons' jet could have been used to satisfy the guaranty, yet
he failed to establish that the jet had not been completely financed through debt. The inference
required to establish a material representation from the Robertsons' statements is too attenuated for
recognition. We hold that the jury's finding of a material representation cannot be supported by the
"meager facts" proven by Kearns. See id. 


 B. Intent to Deceive

 

 Even assuming that the assurances made to Kearns were material representations,
nothing in the record suggests that the Robertsons made the assurances with the intent to bar
payment of the note. A promisor's failure to perform, standing alone, is no evidence of his intent
not to perform. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 435 (Tex. 1986). Nothing
in the record, other than the fact that the loan was not repaid, suggests that the Robertsons did not
intend to fulfill their promises that Vineyard Bay would repay the loan. Furthermore, Kearns
presented no evidence to show that the Robertsons broke their promise to use "everything they
had" to make sure the loan was repaid. The Robertsons made assurances based on their own
predictions as to the future economic health of both the real-estate market and Vineyard Bay. The
Robertsons did not carry out their promises to repay the loan, but Kearns failed to show that they
did not intend to do so when the promises were made. Kearns asserts that he presented enough
evidence to allow the jury to infer at least one of two things: (1) the Robertsons never intended to
carry out their promises that the loan to Vineyard Bay would be repaid, or (2) despite their
assurances to the contrary, the Robertsons never intended to use their own personal assets to
guarantee the loan. We hold that neither inference was permissible. Less than a scintilla of evidence
exists when the evidence is "so weak as to do no more than to create a mere surmise or suspicion"
of a fact, and the legal effect is that there is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1985). We hold that reasonable minds could not conclude, based on the evidence
presented, that the Robertsons intended to deceive Kearns by making the assurances.

 Based on the record presented to us, we hold that Kearns may not rely on the tolling


doctrine of fraudulent concealment and overrule Kearns's issue on appeal. (3)

 


CONCLUSION

 Having determined that Kearns failed to produce more than a scintilla of evidence
on each element necessary to establish common-law fraud, we conclude that Kearns's action to
recover on the Robertsons' guaranty of Vineyard Bay's $800,000 promissory note was time-barred. 
We affirm the district court's JNOV.



 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: June 29, 2001

Do Not Publish
1. The renewal and extension agreement increased the debt to $840,000.
2. The district court informed counsel for both parties that if the jury found that the Robertsons
had committed fraud, which would enable Kearns to avoid the statute of limitations, he would grant 
the Robertsons' motion for JNOV.
3. The Robertsons raise two "cross points" on appeal complaining of the district court's charge
to the jury. Because we affirm the district court's JNOV, we need not consider the Robertsons'
issues. See Tex. R. App. P. 47.1.



ge house in Vineyard Bay, but he failed to show whether the house had been mortgaged. 
Similarly, Kearns argues that the Robertsons' jet could have been used to satisfy the guaranty, yet
he failed to establish that the jet had not been completely financed through debt. The inference
required to establish a material representation from the Robertsons' statements is too attenuated for
recognition. We hold that the jury's finding of a material representation cannot be supported by the
"meager facts" proven by Kearns. See id. 


 B. Intent to Deceive

 

 Even assuming that the assurances made to Kearns were material representations,
nothing in the record suggests that the Robertsons made the assurances with the intent to bar
payment of the note. A promisor's failure to perform, standing alone, is no evidence of his intent
not to perform. Spoljaric v. Percival Tours, Inc., 708 S.W.2d 432, 435 (Tex. 1986). Nothing
in the record, other than the fact that the loan was not repaid, suggests that the Robertsons